UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KENNETH G. WILLIAMS,

        Plaintiff,        3:14-cv-00680-AA

    v.                       ORDER

JASON STEED,

        Defendant.

AIKEN, District Judge.

    Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC), filed a complaint under 42 U.S.C. § 1983 alleging that the ODOC, the Multnomah County Sheriff's Department and various medical personnel working for these entities violated his constitutional rights by failing to provide him with adequate medical care. Request for Judicial Notice ["RJN"] (#17) Exhibit 1. In January 2012, in 3:10-cv-00730-SI, <u>Williams v. Oregon Department of Corrections et al,</u> Judge Michael H. Simon granted

1 - ORDER

summary judgment in favor of defendants on all issues. *See,* Defendant's Second Request for Judicial Notice (#29) Exhibit 1.

Plaintiff appealed Judge Simon's ruling to the Ninth Circuit Court of Appeals, and the Ninth Circuit appointed Jason Steed to serve as plaintiff's *pro bono* counsel. Complaint (#1) ¶ 4-5. Mr. Steed is licensed to practice law in Texas and his office is located in Texas. RJN (#17) Exhibits 3-4. Mr. Steed filed a 64-page opening brief and a 33-page Reply Brief regarding plaintiff's appeal. He also traveled to Oregon and presented oral argument on plaintiff's behalf. Before oral argument, plaintiff sent the Ninth Circuit a letter seeking to add additional evidence to the record. The Ninth Circuit refused plaintiff's request, and affirmed Judge Simon's summary judgment decision. *Id.* Mr. Steed then filed a 21-page petition for panel re-hearing for Mr. Williams. *Id.* Exhibit 5. The Ninth Circuit summarily dismissed the petition. RJN (#17), Exhibit 2.

Plaintiff then filed this action alleging that Mr. Steed failed to provide proper representation during the appeal by not presenting certain arguments and evidence that plaintiff wanted him to present, and by failing to maintain adequate communication with plaintiff. Complaint (#1). Plaintiff alleges defendant's alleged failure constituted "professional misconduct" and seeks $360,000 in damages and a declaration that Mr. Steed violated his constitutional rights. *Id.*

Defendant now moves to dismiss plaintiff's complaint on the ground that this court lack personal jurisdiction over defendant. Defendant also argues that plaintiff's complaint fails to state a claim as a matter of law.

As a preliminary matter, to the extent that plaintiff seeks to allege a constitutional claim under 42 U.S.C. § 1983, his claim fails as a matter of law because Mr. Steed is not a state actor. Polk County v. Dodson, 454 U.S. 312, 317-18 (1981); Miranda v. Clarke County, Nevada, 319 F.3d 1156, 1161 (9th Cir. 2003) (en banc).

A state may exercise personal jurisdiction over a nonresident defendant if there exists "minimum contacts" between the defendant and the forum state. World-Wide Volkswagen Corp. V. Woodson, 444 U.S. 286 (1988). A defendant's contacts with the forum state must be such that maintenance of the suit there does not "offend traditional notions of fair play and substantial justice" and the relationship between the defendant and the forum must be such that it is "reasonable *** to require the (defendant) to defend a particular lawsuit which is brought there." World-Wide Volkswagen, supra, at 292. A defendant is subject to suit where it "purposefully avail itself of the privilege of conducting activities within the forum state." Id. at 297. See also, Burger King Corp. V. Rudzewicz, 471 U.S. 462 (1985). Jurisdiction under Oregon's long-arm statute is appropriate if within the

bounds of federal due process. <u>Walden v. Fiore</u>, __U.S.__, 134 S.Ct. 1115 (2014). Because Oregon's long-arm statute is coextensive with due process, ORCP 4(L), the court needs only to consider the due process analysis.

Due process permits the exercise of general jurisdiction over a defendant who has "substantial" or "continuous and systematic" contacts with the forum state. <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 787, 800 (9th Cir. 2004); <u>Fields v. Sedgwick Associated Risks, Ltd.</u>, 796 F.2d 299, 301 (9th Cir. 1986), citing <u>Helicoptoros Nacionales de Colombia v. Hall</u>, 466 U.S. 408, 414 (1984); <u>Gray & Co. V. Firstenberg Machinery Co., Inc.</u>, 913 F.2d 758, 760 (9th Cir. 1990); <u>Cross v. Kloster Cruise Lines, Ltd.</u>, 879 F. Supp 1304, 1310 (D. Or 1995).

If a non-resident's activities in a forum state are substantial and systematic, the court may assert general jurisdiction over the claim, even if the claim is unrelated to the defendant's forum activities. <u>Hirsh v. Blue Cross, Blue Shield of Kansas City</u>, 800 F.2d 1474, 1477 (9th Cir. 1986). If the defendant's contacts are neither substantial nor continuous and systematic, the court may determine whether "specific" or "limited" jurisdiction exists. <u>Farmers Ins. Ex. V. Portage at LaPrairie Mutual Ins. Co.</u>, 907 F.2d 911, 913 (9th Cir. 1990)(<u>citing</u>, <u>International Shoe Co. V. Washington</u>, 326 U.S. 310 (1945).

4 - ORDER

The Ninth Circuit has adopted a three-pronged test to determine whether a court may exercise specific jurisdiction over a defendant:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction within the forum or with a resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities within the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendants forum related activities;
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802. The plaintiff must establish the first two prongs of the test. *Id.* If both prongs are established, the burden shifts to the defendant to show that exercising jurisdiction would be unreasonable. *Id.*

I find that by accepting *pro bono* representation of an Oregon resident to appeal a District of Oregon court decision and traveling to Oregon to present oral argument, Mr. Steed did purposefully avail himself of the privilege of conducting activities in Oregon. Moreover, plaintiff's claim against Mr. Steed arises out of and relates to the defendant's forum related activities, and I find that exercise of jurisdiction over Mr. Steed under these circumstances is reasonable.

However, I further find that based on the record before the court, plaintiff's complaint fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to

dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(*quoting* Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). This standard is not met where the plaintiff fails to allege facts establishing *all* of the required elements for the claim asserted. *Id.*, at 678-79. In analyzing a Rule 12(b)(6) motion, the court is typically limited to the plaintiff's allegations, but it can also consider matter of public record that are subject to judicial notice. Skilstaf Inc. V. CVS Caremark Corp., 669 F.3d 1005, 1016 n. 9 (9th Cir. 2012). In this case the court has taken judicial notice of the underlying court proceeding allegedly giving rise to plaintiff's claim.

In Oregon the elements of a legal malpractice claim are: "(1) a *duty* that runs from the defendant to the plaintiff; (2) a *breach* of that duty; (3) a resulting *harm* to the plaintiff measurable in damages; and (4) *causation*, i.e. causal link between the breach of duty and the harm." Watson v. Meltzer, 247 Or. App. 558, 565 (2001)(*quoting* Stevens v. Bispham, 316 Or. 221, 227 (1993))(emphasis in original). To satisfy the causation and damages requirements, the plaintiff must prove "not only that the attorney was negligent, but also that the result would have been different except for the negligence." *Id.* at 565. This is referred

to as the "case within a case" standard. *Id.* at 566.[1]

The Supreme Court has held that appellate counsel is not obligated to present every issue advanced by the client in order to satisfy his professional obligations. Jones v. Barnes, 463 U.S. 745, 751 (1983). Rather in the context of appeals, the advocate's ability to exercise professional judgment is particularly important, where the likelihood of success - which typically requires overturning prior judicial action - often depends on the advocate's ability to focus on the strongest arguments, rather than presenting a litany of complaints. As the Supreme Court explained, '[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view towards selecting the most promising issues for review . . . A brief that raises every colorable issue runs the risk of burying the good arguments." *Id.* at 752-53. Additionally, an appellate advocate typically is limited in the arguments and evidence that he can raise to those raised before in the trial court. U.S. v. Flores-Payon, 942 F.2d 556, 558 (1991).

In addition, plaintiff's appeal arose from a summary judgment ruling that prevented him from proceeding to trial, as opposed to a factual finding or other ruling following a trial. Therefore to establish causation and damages under the case within a case

---

[1]Texas law is the same. *See*, Taylor v. Alonso, 395 S.W. 3d 178, 183-184 (Tex. App.2012); *and* Millhouse v. Wiesenthal, 775 S.W. 2d 626, 627 (Tex. 1989).

7 - ORDER

standard, plaintiff must allege facts establishing not only that but for Mr. Steed's decisions he would have succeeded on his appeal, but also that he would have prevailed at trial upon remand. In other words, unless plaintiff would have prevailed at trial, he suffered no damage as a result of Mr. Steed's representation. *See*, *Milhouse*, 775 S.W. 2.d at 627 ("[I]f the appeal would have succeeded in reversing the trial court's judgment and obtaining a more favorable result, the plaintiff sustained damage because of the attorney's negligence."); Jefferies v. Mills, 165 Or.App. 103, 122 ("to show causation in a legal malpractice action, a plaintiff must demonstrate that she would have obtained a more favorable result in the earlier action if the attorney had not been negligent."). Simply avoiding summary judgment would not necessarily have given plaintiff a "more favorable result" sufficient to state a legal malpractice claim.

In addition, plaintiff's complaint does not state a claim for legal malpractice because he does not allege any facts indicating that the issues and evidence Mr. Steed failed to include in the appeal were presented to the trial court, such that they could properly be considered on appeal. Although plaintiff alleges that Mr. Steed mishandled the appeal, he has not alleged any facts that would indicate that, if Mr. Steed had handled the appeal as plaintiff now contends he should have, the outcome of the appeal or a subsequent trial court proceeding would have been different.

8 - ORDER

The record reflects that Mr. Steed filed nearly 100 pages of initial briefing raising various factual and legal issues. After the Ninth Circuit panel ruled against plaintiff, Mr. Steed filed a petition for re-hearing, and offered to help plaintiff prepare a petition for writ of certiorari to the United States Supreme Court. These actions indicate diligent representation rather than negligence. The fact that Mr. Steed exercised his professional judgment and made strategic decisions on appeal that differed from plaintiff's does not suggest that the appeal would have turned out any differently had he done things the way plaintiff now contends he should have.

In the underlying case, Judge Simon's held that plaintiff *pro se* presented insufficient evidence to create a question of fact for trial on his Eighth Amendment claim. Plaintiff moved for reconsideration and Judge Simon's denied the motion. Mr. Steed helped plaintiff challenge those rulings. After the Ninth Circuit affirmed Judge Simon's ruling, Mr. Steed sought reconsideration on behalf of plaintiff arguing that the appellate court had overlooked material evidence and misapprehended governing law.

In undertaking all these efforts, Mr. Steed had to work with the record that plaintiff had created in the district court when he was representing himself. Although he apparently tried, Mr. Steed could not present new arguments or evidence on appeal that had not previously been raised.

In summary, I find that plaintiff has failed to allege any facts about Mr. Steed's performance in representing him on appeal that plausibly suggest that any professional obligation to plaintiff was breached. In addition, plaintiff has failed to allege any facts that plausibly suggest that his appeal or any subsequent legal proceeding in his underlying civil case would have turned out differently had Mr. Steed done the things plaintiff alleges he should have done. Therefore, plaintiff's complaint fails to state a claim for negligence or legal malpractice.

As noted in defendant's brief, it is often said that "no good deed goes unpunished." This case appears to prove that point. The record reflects that an excellent lawyer provided vigorous, high quality legal representation to an indigent client on a *pro bono* basis on an apparently hopeless case and then was thanked by having to defend a frivolous malpractice action. It is time to end this waste of resources.

Defendant's Motion to Dismiss (#15) is allowed. The Clerk of the Court is directed to enter a judgment dismissing this case with prejudice.

/////

/////

/////

/////

10 - ORDER

*Any appeal from this order or judgment of dismissal would be frivolous and not taken in good faith. Therefore, plaintiff's In Forma Pauperis status is hereby revoked.*

IT IS SO ORDERED

DATED this 4th day of December 2014.

_____
Ann Aiken
United States District Judge

11 - ORDER